**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| ASHOK JAYASHANKAR, and MRINALINI JAYASHANKAR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:25-cv-02062-MSN-tmp |
| v. | ) ) | JURY DEMANDED |
| UPONOR, INC.; UPONOR NORTH AMERICA, INC. | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT UPONOR NORTH AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

Defendant, Uponor North America, Inc. (hereinafter "UNA"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) hereby moves this Honorable Court for dismissal of Plaintiffs' claims against UNA set forth in the Complaint for lack of personal jurisdiction or, in the alternative, for failure to state a claim, and in support thereof, states as follows:

1.      This is a products liability action arising out of damage allegedly sustained to property owned by Plaintiffs due to water leaks allegedly occurring in cross-linked polyethylene tubing ("PEX") installed in the property. *See* Dkt. 1-1. (State Court Complaint) Plaintiffs allege that UNA and Uponor, Inc. are the designers, manufacturers, marketers, advertisers, sellers, and/or distributors of the allegedly defective PEX. *See* Dkt. 1-1, Complaint at ¶ 3.

2.      In support of this motion to dismiss, UNA submits and incorporates by reference its Memorandum of Law in support of Uponor North America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim.  UNA further relies upon and incorporates as Exhibit "A" the Declaration of John Schleiter, which was filed on

1

December 11, 2024 in the case *Allstate Vehicle and Property Insurance Company a/s/o Harold Eason and a/s/o Kris Eason v. Uponor, Inc. and Uponor North America, Inc*., in the Circuit Court of Shelby County, Tennessee, Docket No. CT-4169-24 .

3.       Federal Rule of Civil Procedure 12(b)(2) provides, in relevant part, that a party may move to dismiss claims against it where the Court lacks personal jurisdiction over it. Fed. R. Civ. P 12(b)(2). Plaintiffs' Complaint against UNA must be dismissed because this Court lacks personal jurisdiction over it.

4.       UNA is a Delaware holding company that operates out of its principal place of business in Minnesota. UNA is not now, and has never been, incorporated in Tennessee nor registered to do business in Tennessee. It is not registered, licensed, or otherwise authorized to do business in Tennessee. It does not have a registered agent in Tennessee. *See* Declaration of John Schleiter, at Exhibit "A".

5.       UNA does not design, manufacture, market, advertise, sell, distribute, or provide any warranty for PEX in Tennessee, or any other jurisdiction. *Id*.

6.       Tennessee courts may exercise two types of personal jurisdiction over out-of-state defendants: 1) general personal jurisdiction; and 2) specific jurisdiction.

7.       Regardless of whether general or specific jurisdiction is asserted, the propriety of such an exercise must also comport with the Due Process Clause of the Constitution. *In re AME Church EMP. Ret. Fund Litig.*, 2024 U.S. Dist. LEXIS 36209, at *31 (W.D. Tenn. March 1, 2024) (quoting *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 455 (6th Cir. 1993)).

8.       A court may properly exercise general personal jurisdiction over a foreign corporation only where the foreign corporation is essentially "at home" in the forum. *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011). A corporation

is subject to general personal jurisdiction outside of its place of incorporation or principal place of business, only in an "exceptional case." *Daimler AG v. Bauman*, 571 U.S. 117, 125, 138-139 (2014). Plaintiffs do not allege, nor does the evidence support, that this is an exceptional case such that UNA has made itself "at home" in Tennessee.

9.    A court may properly exercise specific jurisdiction over a foreign corporation where, 1) the foreign defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state; and (2) the plaintiff's claims arise out of the defendant's contacts with the forum state. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1780 (2017)

10.   UNA did not direct any activities with respect to the subject PEX into Tennessee. Further, this litigation did not and could not "arise out of or relate to" any activity of UNA directed into Tennessee. UNA is a holding corporation and did not design, manufacture, market, advertise, sell, or distribute PEX in Tennessee, or provide any warranty for PEX in Tennessee, or any other jurisdiction. *See* Ex. A, ¶¶ 12-18.

11.   Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that a party may move to dismiss claims against it where the Plaintiff(s) fail to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). Plaintiff's Complaint against UNA must additionally, or in the alternative, be dismissed because Plaintiffs fail to state a claim upon which relief can be granted.

12.   Plaintiffs' claims against UNA as the alleged manufacturer and/or seller of the subject PEX are governed by the Tennessee product liability statute of repose This statute bars actions against a manufacturer or seller of a product for injury to property not brought within ten (10) years of the date on which the product was first purchased for use or consumption, regardless of when a plaintiff may have reasonably discovered an injury or damages or when a cause of action

3

accrued. Tenn. Code. Ann. § 29-28-103; *Etheridge ex rel. Etheridge v. YMCA of Jackson*, 391 S.W.3d 541, 546 (Tenn. Ct. App. 2012).

13.     Plaintiffs allege the subject property was built in 2013 and was "originally constructed with Uponor PEX." Dkt. 1-1, ¶ 13. The PEX could have been purchased no later than 2013 if it was used in the original construction of the property in 2013. Plaintiffs allege the "first initial leak" in the subject property began in 2023. *Id*. at ¶ 15. Plaintiffs filed the Complaint against UNA on December 19, 2024, see Dkt. 1-1, p. 2, more than ten (10) years after the 2013 construction of Plaintiffs' property with the subject PEX. Therefore, Plaintiffs' claims are barred because the Complaint was filed outside the time limit imposed by the statute of repose and must be dismissed with prejudice.

14.     As Plaintiffs have not and cannot allege a statutory exception to the statute of repose, and Plaintiffs filed their Complaint outside the time limits imposed by the statute of repose, therefore, Plaintiffs' claims are extinguished by the statute of repose and Plaintiffs' Complaint as to UNA must be dismissed with prejudice.

WHEREFORE, Defendant, Uponor North America, Inc., respectfully requests that this Honorable Court grant its Motion to Dismiss and enter an Order dismissing Plaintiffs' claims against it set forth in the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(2) and/or Fed. R. Civ. P. 12(b)(6).

Dated:  January 29, 2025

Respectfully submitted,

*/s/M. Andrew Pippenger*

M. Andrew Pippenger, BPR No. 018183
Puryear Pippenger & Cook PLLC
104 Woodmont Blvd., Suite #201
Nashville, TN 37205
423-521-1201
apippenger@ppclaw.com

William J. Cremer (*pro hac vice pending*)
Tara C. O'Mahoney (*pro hac vice pending*)
Cremer Law, LLC
One North Franklin Street
Suite 900
Chicago, Illinois 60606
(312) 726-3800
wcremer@cremerlaw.com
tomahoney@cremerlaw.com

*Attorneys for Uponor North America, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on January 29, 2025, the foregoing document has been delivered to all counsel for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by filing electronically through the courts ECM system on the date and time signified thereby, or by hand delivering same to each such Attorney as follows:

Mrinalini Jayashankar, BPR No. 028347
Butler Snow LLP
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7332

*Attorney for Plaintiffs*

/s/M. Andrew Pippenger

5