**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

ASHOK JAYASHANKAR,  )
and MRINALINI JAYASHANKAR,  )
 )
   Plaintiffs,  )   Case No. 2:25-cv-02062-MSN-tmp
 )
 v.  )   JURY DEMANDED
 )
UPONOR, INC.;  )
UPONOR NORTH AMERICA, INC.  )
 )
   Defendants.  )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT UPONOR NORTH AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

Defendant, Uponor North America, Inc. (hereinafter "UNA"), by and through undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim.

**STATEMENT OF FACTS**

Plaintiffs' Complaint arises out of damage allegedly sustained to property owned by Plaintiffs, Ashok Jayashankar and Mrinalini Jayashankar (hereinafter "Plaintiffs"), located at 8097 Wood Creek Cove, Germantown, Tennessee 38138, due to water leaks allegedly occurring in cross-linked polyethylene tubing ("PEX") installed in the property. *See* Dkt. 1-1 (State Court Complaint). Plaintiffs filed the Complaint on December 19, 2024 against UNA and Uponor, Inc. as the alleged designers, manufacturers, marketers, advertisers, sellers, and/or distributors of the allegedly defective PEX. *See* Dkt. 1-1, Complaint at ¶ 3. UNA removed the case to this Court as it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

1

Plaintiffs' causes of action against UNA sound in strict product liability, strict product liability for design defect, breach of implied warranty of merchantability, and negligence. *See* Dkt. 1-1, pp. 8-11. Plaintiffs' Complaint against UNA relates to UNA's alleged involvement in the design, manufacture, marketing, advertising, sale, and/or distribution of PEX. *See* Dkt. 1-1, p. 2-3, ¶¶ 1, 3. Plaintiffs allege the PEX was defective, *see e.g.* Dkt. 1-1, p. 8, ¶ 45, causing water leaks and damage to Plaintiffs' property. Plaintiffs also allege, however, that the subject PEX was installed in the home in the original construction in 2013. Dkt. 1-1, p. 4, ¶ 13. Plaintiffs allege the water leaks began in 2023. Dkt. 1-1, p. 4, ¶ 15. Plaintiffs first filed their original Complaint on December 19, 2024, more than ten (10) years after the subject PEX was installed in Plaintiffs' property.

UNA is a corporation duly existing and organized under the laws of Delaware, with its principal place of business in Minnesota. *See* **Exhibit A**, Declaration of John Schleiter, at ¶4. At all times relevant, UNA was not incorporated in Tennessee. *Id.* at ¶ 7. At all times relevant, UNA was not registered, licensed or otherwise authorized to do business in Tennessee. *Id.* At all times relevant, UNA was a holding company. *Id.* at ¶ 3.

UNA does not design PEX in Tennessee. Ex. A, ¶ 6. UNA does not manufacture PEX in Tennessee, or any other jurisdiction. *Id.* at ¶ 5, 6. UNA does not sell PEX in Tennessee, or any other jurisdiction. *Id.* at ¶ 16. UNA does not distribute PEX in Tennessee. *Id.* at ¶ 6. UNA does not provide any warranty, express or implied, for PEX in Tennessee, or any other jurisdiction. *Id.* at ¶ 5.

## ARGUMENT

Plaintiffs' Complaint must be dismissed with prejudice as to UNA because this Court lacks personal jurisdiction over UNA and, alternatively, Plaintiffs' claims against UNA are extinguished by the statute of repose for product liability.

2

**I.    This Court Lacks Personal Jurisdiction Over Uponor North America, Inc.**

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2).  Plaintiffs bear the burden of making a prima facie showing of the court's personal jurisdiction over the defendant.  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

A federal district court sitting in diversity applies the personal jurisdiction laws of the state in which it sits.  *Johnson v. Griffin*, 85 F.4th 429, 432 (6th Cir. 2023) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746 (2014); and Fed. R. Civ. P. 4(k)(1)(A)).  Under Tennessee's long-arm statutes, Tennessee courts may exercise personal jurisdiction on any basis not inconsistent with the constitution of the United States.  *Shekhovstsov v. Apple Inc.*, 2024 U.S. Dist. LEXIS 217025, at *9 (W.D. Tenn. Aug. 19, 2024); *First Cmty Bank, N.A. v. Tennessee Bank, N.A.*, 489 S.W.3d 369, 384 (Tenn. 2015).  Tennessee courts have held that the long-arm statute is co-extensive with the due process requirements of the Constitution.  *In re AME Church EMP. Ret. Fund Litig.*, 2024 U.S. Dist. LEXIS 36209, at *31 (W.D. Tenn. March 1, 2024) (quoting *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 455 (6th Cir. 1993)).

Due process requires that a foreign defendant have certain "minimum contacts" with Tennessee such that maintenance of the suit in Tennessee does not offend "traditional notions of fair play and substantial justice."  *AME Church*, 2024 U.S. Dist. LEXIS 36209, at *31 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)).  Personal jurisdiction may be general or specific.

As an initial matter, Plaintiffs arbitrarily lump together UNA and Uponor, Inc. for both allegations regarding liability and allegations regarding jurisdiction.  *See e.g.,* Dkt. 1-1, ¶¶ 1, 3, 5, 8-9, 11, 12, 22-24.  Plaintiffs bear the burden of establishing personal jurisdiction as to each

defendant. *See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 & n. 13, 104 S. Ct. 1473, 1482 (1984) ("Each defendant's contacts with the forum State must be assessed individually.") (citing *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571 (1980) ("The requirements of *International Shoe* … must be met as to each defendant over whom a state court exercises jurisdiction.")).

In *Rush v. Savchuk*, the U.S. Supreme Court criticized the Minnesota court for "considering the 'defending parties' together and aggregating their forum contacts" and held that considering the defendants together for the personal jurisdiction analysis is "plainly unconstitutional." 444 U.S. at 331, 100 S. Ct. at 579. Here, Plaintiffs' sloppy, conclusory allegations against the defendants as one entity are likewise unconstitutional and inappropriate.

**A.      This Court Lacks General Personal Jurisdiction Over UNA in this Case**

Plaintiffs have not alleged any basis for general personal jurisdiction over UNA in Tennessee. Even if Plaintiffs had alleged a basis for general personal jurisdiction over UNA in Tennessee, Plaintiffs' allegations would fail to establish such a basis for jurisdiction.

A court may exercise general personal jurisdiction over a foreign corporation only where the corporation is "essentially at home" in the forum state. *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011); *Branstetter v. Holland Am. Line N.V.*, 430 F. Supp. 3d 364, 371 (W.D. Tenn. 2019). In *Daimler*, the Supreme Court clarified that the paradigm forums in which a corporate defendant is "essentially at home" are the corporation's place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137; *Shekhovstsov*. Post-*Daimler*, a corporate defendant is subject to general jurisdiction outside of its place of incorporation or principal place of business, only in an "exceptional case." *Daimler,* 571 U.S. at 138-139 & n.19; *see also Austin v. Camping World RV Sales, LLC*, 2023 U.S. Dist. LEXIS 23782,

4

at *5 (W.D. Tenn. January 18, 2023); *TailGate Beer, LLC v. Blvd. Brewing Co.*, 2019 U.S. Dist. LEXIS 94271, at *6-7 (M.D. Tenn. June 5, 2019) (quoting *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) ("In recent years the Supreme Court has clarified and, it is fair to say, raised the bar for this type of jurisdiction.")).

UNA is a Delaware corporation with its principal place of business in Minnesota. Ex. A, ¶ 4. Plaintiffs' Complaint does not allege, nor do the facts alleged suggest, that this is an "exceptional case" contemplated by *Daimler*. *See* Dkt. 1-1, generally. Plaintiffs have failed to plead that UNA's contacts with Tennessee render it essentially at home in Tennessee; therefore, pursuant to *Daimler*, this Court lacks general personal jurisdiction over UNA.

**B.      This Court Lacks Specific Personal Jurisdiction Over UNA**

Plaintiffs' vague, conclusory, unsupported allegations that "Defendants conduct substantial business in Tennessee, have sufficient minimum contacts in Tennessee, and intentionally avail themselves of consumers and markets within Tennessee […]," Dkt. 1-1, ¶ 5, are insufficient to confer specific personal jurisdiction over UNA in Tennessee.

The exercise of personal jurisdiction over a foreign defendant is proper only where, (1) the foreign defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state; and (2) the plaintiff's claims arise out of the defendant's contacts with the forum state. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1780 (2017); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985); *Shekhovtsov*, 2024 U.S. Dist. LEXIS 217025, at *10-11.

Even if Plaintiffs' conclusory allegation that UNA conducts substantial business in Tennessee was accurate, contacts unrelated to the cause of action cannot give rise to specific personal jurisdiction. *See Shekhovtsov*, 2024 U.S. Dist. LEXIS 217025, at *10 (finding defendant

5

not amenable to suits unrelated to conduct in question despite its regularly occurring sales of product in the forum).

Plaintiffs cannot establish specific personal jurisdiction over UNA in this lawsuit because Plaintiffs' causes of action did not arise from any activity by UNA in Tennessee.  Here, Plaintiffs' claims against UNA sound in strict products liability, strict liability for design defect, breach of implied warranty of merchantability, and negligence arising out of UNA's alleged design, manufacture, marketing, advertising, sale, and/or distribution of the subject PEX tubing.  *See generally*, Dkt. 1-1.  UNA could not conduct the alleged activities because UNA is a holding corporation.  *See* Ex. A, ¶ 3.  UNA did not design, manufacture, sell, and/or distribute the subject PEX in Tennessee,.  *See* Ex. A, ¶ 6.  UNA did not provide any warranty, express or implied, for PEX in Tennessee, or any other jurisdiction.  *Id.* at ¶ 5.

Common sense dictates that Plaintiffs' causes of action could not arise from UNA's alleged contacts with Tennessee when UNA did not design, manufacture, market, advertise, sell and/or distribute the subject PEX allegedly giving rise to Plaintiffs' Complaint.  UNA also did not provide any warranty, express or implied, for PEX in Tennessee, or any other jurisdiction.  Ex. A, ¶ 5.  As such, none of Plaintiffs' claims could arise out of activities by UNA in Tennessee.  Therefore, Plaintiffs cannot carry their burden of establishing specific personal jurisdiction over UNA.

**C.    Exercising Personal Jurisdiction Over UNA Would Violate Traditional Notions of Fair Play and Substantial Justice**

Plaintiffs cannot establish that UNA had sufficient minimum contacts with Tennessee to justify exercising general or specific personal jurisdiction over UNA.  However, even were this Court to find that UNA had sufficient minimum contacts with Tennessee for general or specific personal jurisdiction, exercising personal jurisdiction over UNA would not comport with traditional notions of fair play and substantial justice.  *See International Shoe Co. v. Washington*,

6

326 U.S. 310, 316 (1945).  In this analysis the Court must consider:  (1) the burden on the foreign defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559 (1980).

UNA is a corporation organized under the laws of Delaware.  Ex. A, ¶ 4.  UNA did not design, manufacture, sell, or distribute the PEX at issue in this lawsuit.  *Id.* at ¶¶ 12-17.  The burden on UNA of litigating Plaintiffs' claims in Tennessee is not insignificant, as UNA would be forced to litigate a lawsuit over a product it did not design, manufacture, sell, or distribute, in a state in which it is neither incorporated, nor has its principal place of business.  Forcing UNA to litigate a claim in Tennessee based upon allegations regarding activities it did not conduct imposes too great a burden on UNA.

While UNA recognizes Tennessee has an interest in adjudicating claims for damage to its residents' property; that interest should not otherwise give rise to personal jurisdiction where, as here, UNA did not perform the activities alleged to give rise to Plaintiffs' claim.  In *J. McIntyre Machinery, Ltd. v. Nicastro*, a plurality of the Supreme Court acknowledged a State's strong interest in protecting its citizens from defective products, but noted that "the Constitution commands restraint before discarding liberty in the name of expediency."  564 U.S. 873, 887, 131 S. Ct. 2780, 2791 (2011).  Moreover, Tennessee is not the forum for the most efficient administration of justice against UNA because UNA is not a proper party to this case as it did not design, manufacture, sell, or distribute the subject PEX tubing.

Finally, substantive social policy does not favor adjudicating this case against UNA in

7

Tennessee. UNA was not involved in the design, manufacture, sale, or distribution of the subject PEX tubing in Tennessee, or anywhere else. It is patently unreasonable and violates traditional notions of fair play and substantial justice to subject a foreign corporation to the jurisdiction of courts sitting in Tennessee in a lawsuit involving a product that the corporation did not design, manufacture, sell, or distribute. Neither Plaintiffs' nor the state's interests can justify the imposition of the burdens of this litigation on UNA in this case.

UNA lacks the requisite contacts with Tennessee to constitutionally allow this Court to exercise personal jurisdiction over it. Exercising personal jurisdiction over UNA in this case would violate traditional notions of fair play and substantial justice.

## II.     Plaintiffs' Claims Against UNA are Extinguished by the Statute of Repose

Alternatively, all of Plaintiffs' claims against UNA must be dismissed with prejudice because Plaintiffs' claims against UNA are barred by Tennessee's product liability statute of repose. The Tennessee product liability statute of repose, Tenn. Code Ann. § 29-28-103, provides:

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, […]

Tennessee courts have repeatedly confirmed that Tenn. Code Ann. § 29-28-103 is a statute of repose that bars actions not brought within ten (10) years of the date on which the product was first purchased for use or consumption, regardless of when a plaintiff may have reasonably discovered an injury or damages or when a cause of action accrued. *See e.g., Etheridge ex rel. Etheridge v. YMCA of Jackson*, 391 S.W.3d 541, 546 (Tenn. Ct. App. 2012); *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 184 (Tenn. 2000). "[C]ourts of this state have construed statutes

8

of repose as an absolute time limit within which actions must be brought," regardless of whether a plaintiff's cause of action has accrued. *Jones v. Smith & Nephew Inc.*, 2022 Tenn. App. LEXIS 94, at *6-7 (Tenn. Ct. App. Mar. 14, 2022) (quoting *Penley*, 31 S.W.3d at 184).

In *Caldwell v. PBM Properties*, the appellate court confirmed the trial court's ruling granting a motion for summary judgment based on the improvement to real property statute of repose. 310 S.W.3d 818 (Tenn. Ct. App. 2009). In so holding, the appellate court noted:

> [S]tatutes of repose are substantive and *extinguish both the right and the remedy* while statutes of limitations are procedural, extinguishing only the remedy. Thus, a statute of repose typically does not bar a cause of action; its effect, rather, *is to prevent what might otherwise be a cause of action from ever arising… The injured party literally has no cause of action.*

*Caldwell*, 310 S.W.3d at 823 (quoting *Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005) (modified on other grounds) (emphasis added). The Tennessee Supreme Court in *Calaway* went on to state regarding the operation of the statute of repose, "The harm that has been done is *damnum absque injuria* – a wrong for which the law allows no redress." *Calaway*, 193 S.W.3d at 515, *see also*, *Penley*, 31 S.W.3d at 184 (" '[w]here [a plaintiff's] injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred.'") (quoting *Gillam v. Firestone Tire & Rubber Co.,* 489 N.W.2d 289, 291 (Neb. 1992)).

Plaintiffs' claims against UNA all relate to its purported role in manufacturing and/or selling PEX which Plaintiffs aver was defective and unreasonably dangerous. *See* Dkt. 1-1, ¶¶ 45, 55.

A.     **Plaintiffs' Claims Arise out of Allegations UNA Manufactured and/or Sold a Defective Product**

While UNA denies it designed, manufactured, marketed, advertised, sold or distributed the subject PEX and that the subject PEX was defective, based on Plaintiffs' allegations UNA's liability arises out of its alleged role as the manufacturer and/or seller of a defective product. *See*

9

*e.g.* Dkt. 1-1, ¶¶ 1, 3, 8, 9, 44, 52.  For purposes of this motion, taking the facts in Plaintiffs' Complaint as true, Plaintiffs' claims against UNA as the manufacturer and/or seller of the subject PEX are governed by the Tennessee product liability statute of repose.  This statute of repose applies to "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition […]."  Tenn. Code Ann. § 29-28-103(a).

### B.    Plaintiffs' Claims Against UNA are Extinguished by the Statute of Repose

Based on the bare allegations of Plaintiffs' Complaint, Plaintiffs' claims against UNA are extinguished by the expiration of the product liability statute of repose.  The Tennessee product liability statute of repose extinguishes actions that are not brought "within ten (10) years from the date on which the product was first purchased for use or consumption, […]."  Tenn. Code Ann. § 29-28-103(a).

Plaintiffs allege the subject property was built in 2013 and was "originally constructed with Uponor PEX."  Dkt. 1-1, ¶ 13.  Common sense dictates that the PEX could have been purchased no later than 2013 if it was used in the original construction of the property in 2013.  Plaintiffs allege the "first initial leak" in the subject property began in 2023.  *Id.* at ¶ 15.  Plaintiffs filed the Complaint against UNA on December 19, 2024, *see* Dkt. 1-1, p. 2, more than ten (10) years after the 2013 construction of Plaintiffs' property with the subject PEX.  Therefore, Plaintiffs' claims are barred because the Complaint was filed outside the time limit imposed by the statute of repose and must be dismissed with prejudice.

### C.    None of the Exceptions to the Statute of Repose Apply

Perhaps realizing they were outside the time limit imposed by the statute of repose, Plaintiffs vaguely allege their failure to discover the alleged defects or identity of potentially liable parties, Dkt. 1-1, ¶¶ 39, 41, and concealment by Defendants, Dkt. 1-1, ¶¶ 40, 42, tolled the statute

10

of limitations or statute of repose.

In addition to being conclusory and unsupported, such allegations do not toll the statute of repose or act as an exception to the statute of repose. The exceptions to the Tennessee product liability statute of repose are found in the statute. *Jones*, 2022 Tenn. App. LEXIS 94, at *8. The Tennessee product liability statute of repose provides that injured minors must bring the action within one (1) year after attaining the age of majority. Tenn. Code Ann. § 29-28-103(a). The statute further provides that the statute of repose will not apply to actions resulting from exposure to asbestos or to the human implantation of silicone gel breast implants. Tenn. Code Ann. § 29-28-103(b). Plaintiffs do not allege any of the exceptions outlined in the statute apply here.

Plaintiffs instead propose two exceptions that are not contained in the statute – latent defect and concealment by Defendants. A Tennessee court of appeals faced with an argument regarding similar proposed exceptions related to a hip implant declined to create exceptions to the statute of repose based on latent disease or fraudulent concealment. *Jones*, 2022 Tenn. App. LEXIS 94, at *8-9. The appellate court found that the exceptions to the statute of repose specifically identified in the statute – injury to minors, exposure to asbestos, and human implantation of silicone gel breast implants – are the sole exceptions to the Tennessee product liability statute of repose. *Id.* at *10 (*accord Penley*, 31 S.W.3d at 185-186).

As Plaintiffs have not and cannot allege a statutory exception to the statute of repose, and Plaintiffs filed their Complaint outside the time limits imposed by the statute of repose, Plaintiffs' Complaint as to UNA must be dismissed with prejudice.

## CONCLUSION

Plaintiffs have not, and cannot, meet their burden of making a prima facie showing of general or specific personal jurisdiction over UNA. Therefore, this Court may not constitutionally exercise personal jurisdiction over UNA in this case and Plaintiffs' Complaint against UNA must

11

be dismissed with prejudice for lack of personal jurisdiction.  Plaintiffs also cannot state a claim upon which relief can be granted because Plaintiffs' claims are extinguished by Tennessee's statute of repose for products; therefore, Plaintiffs' Complaint against UNA must be dismissed with prejudice because it is extinguished by the statute of repose.

WHEREFORE, Defendant, Uponor North America, Inc., respectfully requests that this Court dismiss with prejudice the Complaint filed by Plaintiffs as to Uponor North America, Inc. for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, and for any other appropriate relief to which it may be justly entitled.

Date:  January 29, 2025.

Respectfully submitted,

_/s/M. Andrew Pippenger_
M. Andrew Pippenger, BPR No. 018183
Puryear Pippenger & Cook PLLC
104 Woodmont Blvd., Suite #201
Nashville, TN 37205
423-521-1201
apippenger@ppclaw.com

William J. Cremer (*pro hac vice pending*)
Tara C. O'Mahoney (*pro hac vice pending*)
Cremer Law, LLC
One North Franklin Street
Suite 900
Chicago, Illinois 60606
(312) 726-3800
wcremer@cremerlaw.com
tomahoney@cremerlaw.com

*Attorneys for Uponor North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that on January 29, 2025, the foregoing document has been delivered to all counsel for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by filing electronically through the courts ECM system on the date and time signified thereby, or by hand delivering same to each such Attorney as follows:

Mrinalini Jayashankar, BPR No. 028347
Butler Snow LLP
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7332

*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　/s/M. Andrew Pippenger

13